IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **KRIM BALLENTINE** | : | Civil Action No. 07-15 |
| Petitioner, | : | |
| v. | : | **OPINION GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PETITION FOR WRIT OF MANDAMUS** |
| **ATTORNEY GENERAL OF THE VIRGIN ISLANDS AND THE 27TH LEGISLATURE OF THE VIRGIN ISLANDS** | : | |
| Respondants. | : | |

APPEARANCES:

Krim Ballentine
P.O. Box 305396
St. Thomas, USVI 00803
    Appearing *pro se*

Carol Thomas-Jacobs
Dolace McLean
Department of Justice
Office of the Attorney General
8050 Kronprindsen Gade
St. Thomas, USVI 00802
    Attorneys for the Attorney General of the Virgin Islands

Yvonne Tharpes
Augustin Ayala
Office of Legislative Counsel
Capitol Building, Charlotte Amalie
P.O. Box 1690
St. Thomas, USVI 00802

## FACTS AND PROCEDURAL HISTORY

Petitioner Krim M. Ballentine, *pro se*, filed his petition for Writ of Mandamus in response to the 27th Legislature of the Virgin Islands' organization of their majority and minority caucuses. He claims that the Legislature has shown "disregard to mandates in the Constitution of the United States or any subordinate laws" and claims injury by "personal or friendship contrived majority in an improper coalition made to compromise a majority and then pass or repeal laws and performing other functions negatively or positively impacting on the petitioner in their making of the laws." Petitioner objects to the "external structure" of the V.I. 27th Legislature stating that the majority was established by the members based on "personalities and friendship negotiations," negotiations which Petitioner alleges were not open to the public thereby disenfranchising voters.

Petitioner asserts that during the organizational process, the 27th Legislature "fabricated a majority not in compliance with the Constitution of the United States." He argues that "Citizens and taxpayers are injured by a personal or friendship majority in improper coalitions made to pass or repeal laws and performing other functions."

Specifically, the details of the challenged organization are as follows, as described in the Legislature's Motion to Dismiss:

"The organization of the Twenty-Seventh Legislature to which the Petitioner objects established a ten-member majority, consisting of five members of the Democratic Party, three members of the Independent Citizen's Movement ("ICMers") and two Independents. Of the fifteen members of the Twenty-Seventh Legislature, there are ten Democrats, three ICMers and two Independents.

2

"Traditionally, every odd year, before the beginning of the new legislative session, senators-elect participate in informal, pre-session caucuses for the purpose of nominating officers and members of the Legislative standing committees. Once a group consisting of a majority of the senators-elect come to a consensus, a resolution for organizing the Legislature is drafted. The resolution is introduced at the first session of the Legislature. *See* Rule 103 of the Permanent Rules of the Legislature, providing senators-elect meet in session to organize and convene a new session of the Legislature.

"On January 8, 2007, the Senators of the Twenty-Seventh Legislature voted ten to five to adopt Bill No. 27-0001, as Resolution No. 1709, a Resolution establishing the Officers, Chairpersons, Vice-Chairpersons and Memberships of the Committees of the Twenty-Seventh Legislature, and adopting the Rules of the Twenty-Seventh Legislature.

"Of the ten senators voting in the affirmative to elect the officers of the Legislature, the committee chairs and the membership of the committees, two senators were Independents, three were ICMers and five were Democrats. *See* Roll Call on Bill No. 270001, Journal of the Twenty-Seventh Legislature (January 8, 2007). By Resolution No. 1709 eight senators were elected as chief officers of the Twenty-Seventh Legislature. Of the eight positions, six are filled by Democrats. *See* Resolution No. 1709. Appendix A. Of the ten standing committees, six are chaired by Democrats and six are vice-chaired by Democrats. *See* Resolution No. 1709 Appendix B. Democrats monopolize the seats on all ten seven-member standing Committees, with six seats on six of the committees and five on the other four."

Petitioner demands repeal of Bill 27-0001.

Both Defendant Attorney General of The Virgin Islands and Defendant Virgin Islands

27th Legislature have filed motions to dismiss Petitioner's claims. Oral argument was heard before this Court on November 29, 2007.

## DISCUSSION

A. *Lack of Standing; Failure to Establish Subject Matter Jurisdiction; Failure to State a Claim Upon Which Relief May Be Granted.*

Constitutional standing in federal courts is only appropriate where there is an actual case or controversy. U.S. Const. Art. III, § 2. Standing must be established by the petitioner showing that (1) an injury in fact has been suffered, an injury comprised of an invasion of a legally protected interest that is concrete and particularized and also actual or imminent; (2) there is a causal connection between the injury of the petitioner and the conduct allegedly performed by the respondents; and (3) rather than mere speculation, it must be likely that the injury suffered will be redressed by a decision in the favor of the petitioner. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (U.S. 1992).

The Court looks to the case of *Julien v. Government of the Virgin Islands*, 961 F. Supp. 852 (D.V.I. 1997) where even though a the petitioner was a taxpaying citizen of the Virgin Islands, he did not have standing to challenge actions of the Casino Control Commission where there was no allegation of actual injury. Similarly, here, Petitioner does not have the right to challenge the actions of the Legislature simply because he is a taxpaying citizen where there is no evidence of him having suffered an injury in fact. Petitioner Ballantine has offered no proof whatsoever of an injury in fact.

Furthermore, Petitioner does not have standing simply because he is a citizen of the Virgin Islands. In a case with a similar question, the Supreme Court has previously held that

establishing that the petitioner was a citizen was insufficient to provide standing to permit a citizen to invoke judicial power so that the validity of the actions of another branch may be questioned where there was no direct injury to the petitioner as a result of the challenged action. *Ex Parte Levitt*, 58 S.Ct. 1 (1937).

To establish standing, a petitioner must also assert that he suffered a particularized injury before relief may be attained by the power of the federal court system. *Russell v. de Jongh*, 2007 WL 45836 (D.V.I. Jan 2007). Since Mr. Ballentine has not shown that he suffered any injury in fact, he lacks the standing to bring an action in this matter.

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) provide that a party may bring a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted.

A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F. 3d 169, 178 (3d Cir. 2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12 (b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township Zoning Bd.*, 458 F.3d 181, 188. (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12 (b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.")

When considering a motion to dismiss pursuant to Rule 12 (b)(6), all material allegations in the complaint are taken as admitted, and the Court must construe all facts in a light most

5

favorable to the non-moving party. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A complaint should not be dismissed unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hartford Fire Ins. Co. v. Cal.*, 509 U.S. 764, 810 (1993) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Petitioner states that he has standing given that he is a tax payer, voter and citizen of the U.S. Virgin Islands. However, Petitioner's claims do not amount to an injury in fact. Petitioner alleges that Democrats are misrepresented and thus he has been disenfranchised and that the organization of the 27th Legislature may cause some unknown harm. However, his petition fails to set forth concrete facts detailing any injuries he may have sustained related to the 27th Legislature's conduct. He has not showed any clear line between the organization of the 27th Legislature and his claims of disenfranchisement. Thus, even drawing all reasonable inferences in favor of the Petitioner in this matter, this Court finds that the allegations set forth in the Petition for Writ of Mandamus in the instant matter are not sufficient to establish any injury that would give rise to a federal cause of action.

Given that Petitioner has shown no personal injury upon which federal jurisdiction could be grounded nor has he enumerated a solid claim upon which relief may be granted, the Court finds that Petitioner lacks standing to file the pending Writ of Mandamus.

Additionally, given that the Court does not have the power to restructure the Legislature, *see infra* § B, a decision by this Court does not have the power to grant the relief that the Petitioner seeks.

B. *Non-Justiciable Political Question*

The issues raised by Petitioner in his pleadings present an issue that may not be decided by this Court. The Court is prohibited from deciding political questions, as set forth by Baker v. Carr:

> Prominent on the surface of any case held to involve a political question is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Baker v. Carr*, 369 U.S. 186, 217 (U.S. 1962)

Furthermore, it has been established that "the non-justicability of a political question is a function of the separation of powers." *Id.* at 210. It is well established that the federal courts will not adjudicate political questions. *Powell v. McCormack*, 395 U.S. 486, 518 (U.S. 1969). In order to preserve independence between each branch of the government, separation of powers must be maintained. Thus, this Court may not rule on this matter as the issues presented by the Petitioner demand review of Legislative action, a political question which may not be challenged by the Court.

C.   *Writ of Mandamus Is Inappropriate*

When determining whether a writ of mandamus is appropriate, the Court must evaluate the following:

(1) Has the petitioner established that there is no other adequate means to obtain the relief sought; (2) is the right to the writ that the Petitioner requesting a clear and indisputable one; (3) even assuming the first two conditions, is the writ inappropriate under the circumstances.

*Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380-381 (2004). Issuing a writ of mandamus is a "drastic and extraordinary" which should be only be used in "really extraordinary causes." *Ex Parte Fahey*, 332 U.S. 258, 259-260 (1947).

The case presented by Mr. Ballentine does not pass that test. First, the adequate and appropriate means to obtain the relief sought by Petitioner would be by exercising the right to vote in the next election and by that right, elect a new legislature. Second, Petitioner has no right to the writ because as a threshold issue he has failed to establish standing. The third prong does not need to be examined as that would assume that the first two conditions were met, which they are not.

The separation of powers doctrine as set forth in the Revised Organic Act of 1954 holds that governmental power is divided into three parts: the legislative branch, the executive branch, and the judicial branch. Revised Organic Act, Sections 5-10, Sections 11-19, and Sections 21-27. Here, Petitioner is requesting that this Court use its power to compel the Legislature to act, which would be inappropriate under the separation of powers doctrine. A writ of mandamus may not be issued to a legislature to enforce actions that are typically governed by the discretion of that legislature. *See Clough v. Curtis*, 134 U.S. 361, 371 (1890). Thus, there is no remedy within this Court to enforce action upon the legislature. Mandamus relief is appropriate where no other adequate remedy is available and in the situation presented in this matter, the appropriate viable relief available to govern the actions of the Legislature is the voting power of the citizens of the Virgin Islands.

A writ of mandamus would usually be issued in order to direct action by a person to perform such an action whereby nothing is left to discretion. What Petitioner is asking of this

8

Court would be in violation of the Legislature's rights to structure its committees within its own discretion. The judgment to form coalitions and caucuses rests solely within the powers of the Legislature. Mr. Ballentine has not shown otherwise what certain legal right would be enforceable by writ of mandamus.

## CONCLUSION

Mr. Ballentine's Petition for Writ of Mandamus does not establish proper standing to be decided by this Court. Furthermore, the relief requested is not under the purview of this Court. Finally, Petitioner does not have the right to a writ of mandamus in this matter. As such, Respondent Attorney General's and Respondent Virgin Islands 27th Legislature's Motions to Dismiss are hereby granted.

Dated:        October 14, 2008

_____
HONORABLE STANLEY S. BROTMAN
United States District Judge
(Sitting by Designation)